<u>**Attachment A**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **FINTIV, INC.,** | § | Civil Action No.: 6:18-CV-372-ADA |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

<u>**PROPOSED SCHEDULING ORDER AGREED TO IN PART**</u>
<u>**(Case Management Conference ("CMC") May 30, 2019**</u>)

| FINTIV PROPOSAL | APPLE PROPOSAL | ITEM |
|---|---|---|
| **May 20, 2019** (10 days before CMC) | **May 20, 2019** (10 days before CMC) | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also produce (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| **June 13, 2019** (2 weeks after CMC) | **June 13, 2019** (2 weeks after CMC) | Deadline for Motions to Transfer. |
| **July 25, 2019** (8 weeks after CMC) | **July 25, 2019** (8 weeks after CMC) | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the prior two years, unless the parties agree to some other |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.  Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

| | | |
|---|---|---|
| | | timeframe. |
| **August 8, 2019** (10 weeks after CMC) | **August 8, 2019** (10 weeks after CMC) | Parties exchange claim terms for construction. |
| **August 22, 2019** (12 weeks after CMC) | **August 22, 2019** (12 weeks after CMC) | Parties exchange proposed claim constructions. |
| **September 5, 2019** (14 weeks after CMC) | **September 5, 2019** (14 weeks after CMC) | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **September 12, 2019** (15 weeks after CMC) | **September 12, 2019** (15 weeks after CMC) | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| **October 3, 2019** (18 weeks after CMC) | **October 3, 2019** (18 weeks after CMC) | Parties file Responsive claim construction briefs. |
| **October 17, 2019** (20 weeks after CMC) | **October 17, 2019** (20 weeks after CMC) | Parties file Reply claim construction briefs. |
| **October 24, 2019** (21 weeks after CMC) | **October 24, 2019** (21 weeks after CMC) | Parties submit Joint Claim Construction Statement, optional tutorials, and consolidated briefing collated by Opening, Response, and Reply. |
| **November 7, 2019** (23 weeks after CMC – or as soon as practicable) | **November 7, 2019** (23 weeks after CMC – or as soon as practicable) | Markman Hearing at 9:00 a.m. |
| **November 14, 2019** (1 week after Markman hearing) | **November 14, 2019** (1 week after Markman hearing) | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| **December 19, 2019** (6 weeks after | **December 19, 2019** (6 weeks after Markman | Deadline to add parties. |

| | | |
|---|---|---|
| Markman hearing) | hearing) | |
| **January 9, 2020** (9 weeks after Markman hearing) | **January 9, 2020** (9 weeks after Markman hearing) | Deadline to serve Final Infringement and Invalidity Contentions. |
| **January 30, 2020** (12 weeks after Markman hearing) | **January 30, 2020** (12 weeks after Markman hearing) | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or claims. |
| **N/A** | **March 26, 2020** (20 weeks after Markman) | Deadline to serve privilege log |
| **April 23, 2020** (24 weeks after Markman hearing) | **April 23, 2020** (24 weeks after Markman hearing) | Close of Fact Discovery. |
| **April 30, 2020** (25 weeks after Markman hearing) | **May 7, 2020** (26 weeks after Markman hearing) | Opening Expert Reports. |
| **May 28, 2020** (29 weeks after Markman hearing) | **June 11, 2020** (31 weeks after Markman hearing) | Rebuttal Expert Reports. |
| **June 18, 2020** (32 weeks after Markman hearing) | **June 16, 2020** (36 weeks after Markman hearing) | Close of Expert Discovery. |
| **June 25, 2020** (33 weeks after Markman hearing) | **April 23, 2020** (24 weeks after Markman hearing) | Deadline to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue. The parties shall file a report within 5 business days regarding the results of the meet and confer. |
| **July 2, 2020** (34 weeks after Markman hearing) | **August 6, 2020** (39 weeks after Markman hearing) | Dispositive motion deadline and *Daubert* motion deadline. |
| **July 16, 2020** (36 weeks after Markman hearing) | **August 20, 2020** (41 weeks after Markman hearing) | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, designations). |
| **July 30, 2020** (38 weeks after Markman hearing) | **September 3, 2020** (43 weeks after Markman hearing) | Serve objections to pretrial disclosures/rebuttal disclosures. |

| | | |
|---|---|---|
| **August 6, 2020** (39 weeks after Markman hearing) | **September 10, 2020** (44 weeks after Markman hearing) | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |
| **August 13, 2020** (40 weeks after Markman hearing) | **September 17, 2020** (45 weeks after Markman hearing) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, designations); file oppositions to motions *in limine*. |
| **August 20, 2020** (41 weeks after Markman hearing) | **September 24, 2020** (46 weeks after Markman hearing) | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| **August 31, 2020** (3 business days before Final Pretrial Conference) | **October 5, 2020** (3 business days before Final Pretrial Conference) | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| **September 3, 2020** (43 weeks after Markman hearing) | **October 8, 2020** (48 weeks after Markman hearing) | Final Pretrial Conference. |
| **September 10-22, 2020** (44-47 weeks after Markman hearing) | **October 12-26, 2020** (49-52 weeks after Markman hearing) | Jury Selection/Trial. |

SIGNED this _____ day of _____, 2019.

_____
**ALAN D. ALBRIGHT**
UNITED STATES DISTRICT JUDGE


AGREED TO:

*J. Mark Mann*_____
J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)

blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, Texas 75652
913 Franklin Ave., Suite 201
Waco, Texas 76701
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
Jack Shaw (CA Bar No. 309382)
(Admitted in this District)
jshaw@kasowitz.com
Gurtej Singh (CA Bar No. 286547)
(Admitted in this District)
gsingh@kasowitz.com

**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170

Facsimile: (650) 453-5171

Daniel C. Miller (NY Bar No. 4232773)
(*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1399 New York Avenue NW, Suite 201
Washington, DC 20005
Telephone: (202) 760-3400
Facsimile: (202) 760-3401
Email: dcmiller@kasowitz.com

Rodney R. Miller (Texas Bar No. 24070280)
(Admitted in this District)
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street N.W., Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081
Email: rmiller@kasowitz.com

**Attorneys for Plaintiff, FINTIV, INC.**

*/s/ Claudia Wilson Frost*
Claudia Wilson Frost – Lead Counsel
State Bar No. 21671300**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com

Travis Jensen (CA Bar No. 259925)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Rd.
Menlo Park, CA 942025
Telephone: 650.614.7400
Facsimile: 650.614.7401
tjensen@orrick.com

**Attorneys for Defendant**
**APPLE INC.**