IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FINTIV, INC., | § § | |
| Plaintiff, | § | C.A. No. 6:18-cv-372-ADA |
| v. | § § | |
| APPLE INC., | § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## AGREED ORDER GOVERNING PROCEEDINGS

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is **ORDERED AS FOLLOWS**:

1. **Discovery.** Except with regard to discovery necessary for claim construction, all other discovery is stayed until after the Markman hearing. Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant. Following the Markman hearing, the following discovery limits will apply to this case.

   1. Interrogatories: 30 per side
   2. Requests for admission: 45 per side (exclusive of authentication RFAs)
   3. Requests for Production: 75 per side
   4. Fact Depositions: 70 hours per side (for both party and non-party witnesses combined)
   5. Expert Depositions: 7 hours per report[2]

The Court will consider reasonable requests to increase these limits should circumstances warrant. Unless otherwise stated herein, the discovery rules and limits provided in the Federal Rules of

---

[2] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.

Civil Procedure apply to this proceeding. With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2. **<u>Electronically Stored Information</u>**. As a preliminary matter, the Court will not require general search and production of email or other electronically stored information (ESI), absent a showing of good cause. If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search. The opposing party can oppose, or propose an alternate plan. If the parties cannot agree, they shall contact chambers to schedule a call with the Court to discuss their respective positions.

3. **<u>Discovery Disputes</u>**. A party may not file a Motion to Compel discovery unless: (1) lead counsel have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court (with opposing counsel) to arrange a telephone conference to summarize the dispute and the parties' respective positions. After hearing from the parties, the Court will determine if further briefing is required.

4. **<u>Protective Order</u>**. Pending entry of the final Protective Order, the Court issues the following interim Protective Order to govern the disclosure of confidential information in this matter:

    **A.** If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s) to whom disclosure is reasonably necessary.

B.  If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

5.  **Claim Construction Issues**.

A.  **Terms for Construction.** The Court does not have a specific limit on the number of asserted claims or claim terms to be construed; however, the Court encourages the parties to focus on their top ten claim terms in order of importance. In cases with an unusually large number of patents or asserted claims, the Court may revisit this topic and will be open to suggestions from the parties.

B.  **Claim Construction Briefing.** The Court will require simultaneous claim construction briefing with the following default page limits; however, the Court will entertain reasonable requests to increase the limits should circumstances warrant:

1. Opening Briefs – 30 pages
2. Responsive Briefs – 30 pages
3. Reply Briefs – 15 pages

Unless otherwise agreed by the parties, all simultaneous filings will take place at a time agreed to by the parties, which shall occur no later than 5:00 p.m. CT.

6.  **Conduct of the Markman Hearing**. The Court intends to set aside one full day for the Markman hearing; however, the Court is open to reserving more or less time, depending on the complexity of the case and input from the parties. The Court does anticipate live technology tutorials. However, if the Parties would prefer, the Court also permits the submission of technical tutorials via audio file on the date set by the Court where such tutorials may be of benefit to the

Court. The Court will consider the parties suggestions on the order of argument at the Markman hearing. However, if the parties do not suggest a different procedure, the Court will allow the Plaintiff to pick the first term and then alternate by term. As a general rule, if one side proposes "plain and ordinary meaning" at its construction, the Court wants the other party to go first.

7. **General Issues**.

   A. The Court does not have a limit on the number of motions for summary judgment (MSJs); however, the cumulative page limit for Opening Briefs for all MSJs is 50 pages per side.

   B. The Court encourages the submission of briefs longer than 10 pages via audio file so that the Court can listen to the arguments. The recordings shall be made in a neutral fashion, citations need not be read as part of the recording, and each such file shall be served on opposing counsel. Counsel should contact chambers for procedures to submit audio files.

   C. The Court will entertain reasonable requests to streamline the case schedule and discovery and encourages the parties to contact the Court (with opposing counsel) when such interaction might help streamline the case.

8. **Service**. The Parties agree to electronic service of all correspondence, documents filed under seal, written discovery requests, and responses to written discovery requests (unless the volume of electronic information makes such delivery impractical). Documents are timely served by e-mail where the e-mail is sent by 11:59 p.m. Central Time on the date due. Documents emailed after 8:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served. Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case, or to an email address designated in writing for service by a party's outside counsel.

SIGNED this 10th day of June, 2019.

*[signature]*
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

AGREED TO:

*J. Mark Mann*
J. Mark Mann (TX Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (TX Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street, Henderson, TX 75652
913 Franklin Ave., Suite 201, Waco, TX 76701
Telephone: (903) 657-8540
Facsimile: (903) 657-6003
Andy Tindel (TX Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (TX Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, TX 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

Jonathan K. Waldrop (CA Bar No. 297903)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
hkim@kasowitz.com
Jack Shaw (CA Bar No. 309382)

jshaw@kasowitz.com
Gurtej Singh (CA Bar No. 286547)
gsingh@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Daniel C. Miller (NY Bar No. 4232773) (*pro hac vice*)
dcmiller@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1399 New York Avenue NW, Suite 201
Washington, DC 20005
Telephone: (202) 760-3400
Facsimile: (202) 760-3401

Rodney R. Miller (TX Bar No. 24070280)
rmiller@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street N.W., Suite 1500
Atlanta, GA 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

**Attorneys for Plaintiff, FINTIV, INC.**


*/s/ Claudia Wilson Frost*
Claudia Wilson Frost – Lead Counsel
State Bar No. 21671300
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com

Travis Jensen (CA Bar No. 259925)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Rd.
Menlo Park, CA 942025
Telephone: 650.614.7400
Facsimile: 650.614.7401
tjensen@orrick.com

**Attorneys for Defendant APPLE INC.**