NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: APPLE INC.,
*Petitioner*

2020-104
1:19-cv-1238 ADA

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:18-cv-00372-ADA, Judge Alan D. Albright.

**ON PETITION**

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

**O R D E R**

Apple Inc. petitions this court for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this case to the United States District Court for the Northern District of California. Fintiv, Inc. opposes the petition. Apple replies.

BACKGROUND

This petition arises out of a patent infringement complaint filed by Fintiv against Apple in the Waco Division of the Western District of Texas. Fintiv's infringement

allegations target Apple Wallet, a software application present in iPhones and Apple Watches, which allows users to store electronic representations of wallet contents, such as credit cards. The technology relies, in part, on an NFC chip supplied by a Netherlands-based company called NXP. Fintiv, a Delaware corporation, has its principal place of business at a WeWork co-working space in Austin, Texas, from which six employees work. Apple is headquartered in Cupertino, California, but maintains a campus in Austin, Texas. NXP has employees who work on the chip in San Jose, California as well as Austin-based employees who focus on the company's microprocessor business.

Apple moved to transfer the case pursuant to 28 U.S.C. § 1404(a) to the Northern District of California or alternatively to transfer to the Austin Division of the Western District of Texas. The district court denied-in-part and granted-in-part Apple's motion. Although the court noted that Apple had identified several employees in the Northern District of California with relevant information, the court concluded that the venues were equally convenient for the parties because Fintiv identified two of its employees in Austin, Texas as potential witnesses; some AppleCare employees in Austin that "may have knowledge of Apple Pay and Apple Wallet that could support Fintiv's indirect infringement claims"; and, after resolving factual conflicts in Fintiv's favor, at least one Austin Apple engineer "who may have relevant information."

The district court concluded that the compulsory process factor also did not weigh in favor of or against transfer from the Western District of Texas. The district court noted that Fintiv had identified several employees of NXP who may have relevant information based on their backgrounds, and Fintiv's attorney represented at the hearing on the motion that these individuals could be relevant witnesses. Although the district court acknowledged Apple's assertion that some NXP employees in Northern California could be relevant to this case and that Apple disagreed that

any NXP employee in Austin may have relevant information, the district court again decided to resolve that factual dispute in Fintiv's favor.

In addition, the district court found that the local interest factor in having localized interests decided at home weighed against transferring the case.  In this regard, the court noted that "Apple is likely one of the largest employees in both NDCA and WDTX," that "Fintiv has identified at least one Apple employee in WDTX who may have relevant information" to the case, and Fintiv maintains its only U.S. office in Austin from where multiple employees work.  The court therefore concluded that Apple had not shown that the Northern District of California was clearly more convenient.  However, given the connections between the case and Austin, the district court granted Apple's request to transfer the case from Waco to Austin.

## DISCUSSION

Apple bears a heavy burden to overturn the district court's transfer decision.  We may grant mandamus under such circumstances only upon a showing of a clear abuse of discretion that produced a patently erroneous result.  *In re TS Tech USA Corp.,* 551 F.3d 1315, 1318-19 (Fed. Cir. 2008); *see also Cheney v. U.S. Dist. Ct. for Dist. of Columbia,* 542 U.S. 367, 380 (2004) (requiring that a petitioner seeking mandamus establish that the right to relief is "clear and indisputable" (internal quotation marks and citations omitted)).  Where the district court has considered all the applicable factors and its balancing of these factors is "reasonable," its decision is entitled to "substantial deference." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257 (1981)(citations omitted).

Apple does not dispute that the district court considered all the relevant transfer factors.  Nor can Apple now take back its previous assertion to the district court that the Austin Division "is clearly more convenient for both parties."  Instead, Apple primarily complains that in not

transferring to the Northern District of California, the district court erred in giving any weight to Apple and NXP employees who reside in Austin, Texas. Specifically, Apple contends that its affidavits demonstrated that these individuals are not potential witnesses and the district court's failure to reach that conclusion, by resolving factual disputes in Fintiv's favor, was an abdication of its role of factfinder.

We have said that a "district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). However, in making such determinations, the district court enjoys considerable discretion. *See In re Amazon.com Inc.*, 478 F. App'x 669, 671 (Fed. Cir. 2012). As we have explained generally, "[o]ur reluctance to interfere is not merely a formality, but rather a longstanding recognition that a trial judge has a superior opportunity to familiarize himself or herself with the nature of the case and the probable testimony at trial, and ultimately is better able to dispose of these motions." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). Those principles apply with particular force to a district court's evaluation of whether an individual is deserving of consideration in the willing witness or compulsory process factors.

Here, the district court wrestled with the complicated task of determining whether it should consider employees of Apple and NXP that Apple and NXP assert should not be considered witnesses but that Fintiv believes may have information that could assist Fintiv in supporting its claims. It found that certain Apple and NXP employees in Austin were deserving of weight, while other employees of other companies were not. While Apple argues that its submitted affidavits demonstrated that these individuals could not be witnesses, Fintiv introduced at least some evidence and argument connecting the backgrounds of these individuals to relevant issues. We conclude that there was at least a plausible basis for the district court to find that

these individuals may have relevant information.  The court's ruling was thus not a clear abuse of discretion.

Whatever may be said about the validity of drawing inferences and resolving factual disputes in favor of the non-moving party in the context of a transfer motion, we cannot say that Apple's right to relief here is indisputably clear. In any event, it is undisputed that Apple bore the burden of proof here. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) (en banc) (stating that the burden of proof rests with the party seeking transfer to show that the transferee venue would be clearly more convenient than the venue chosen by the plaintiff).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

                                      FOR THE COURT

<u>December 20, 2019</u>      /s/ Peter R. Marksteiner
      Date                      Peter R. Marksteiner
                                    Clerk of Court

s29