**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| FINTIV, INC., § | | |
| § | | |
| Plaintiff, § | C.A. No. 1:19-cv-01238-ADA | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| APPLE INC., § | | |
| § | | |
| Defendant. § | | |

**APPLE INC.'S MOTION TO DISMISS UNDER
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

Claudia Wilson Frost – Lead Counsel
State Bar No. 21671300
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main Street, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com

Travis Jensen
CA Bar No. 259925
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650.614.7400
Facsimile: 650.614.7401
tjensen@orrick.com

**ATTORNEYS FOR DEFENDANT APPLE INC.**

4129-5974-4290

## TABLE OF CONTENTS

**PAGE**

**BACKGROUND** ............................................................................................................................. 1

**LEGAL STANDARD** ................................................................................................................... 2

**ANALYSIS** ..................................................................................................................................... 3

I.     Federal Courts Have No Authority to Declare a Patent Claim Valid ........................... 3

II.    Fintiv's Attempts to Cabin Claim III Do Not Bring It Within This Court's Authority .................................................................................................................... 5

**CONCLUSION** ............................................................................................................................... 8

**CERTIFICATE OF SERVICE** ..................................................................................................... 9

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*AstraZeneca AB v. Dr. Reddy's Labs. Inc.*,
    No. CIV.A. 11-2317 JAP, 2014 WL 1292226 (D.N.J. Mar. 28, 2014) .............................. 5

*Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*,
    555 F.3d 984 (Fed. Cir. 2009) ................................................................................... 4, 6

*Durango Associates, Inc. v. Reflange, Inc.*,
    843 F.2d 1349 (Fed. Cir. 1988) ................................................................................. 3, 6

*Dye v. Mansfield*,
    504 F.3d 1289 (Fed. Cir. 2007) ...................................................................................... 6

*Envtl. Designs, Ltd. v. Union Oil Co. of California*,
    713 F.2d 693 (Fed. Cir. 1983) .................................................................................. 4, 6

*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega systems, LLC*,
    350 F.3d 1327 (Fed. Cir. 2003) ...................................................................................... 3

*Fresenius USA, Inc. v. Baxter Intern., Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013) ...................................................................................... 7

*Geovector Corp. v. Samsung Elecs. Co. Ltd.*,
    No. 16-CV-02463-WHO, 2016 WL 6662996 (N.D. Cal. Nov. 10, 2016) ......................... 4

*HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*,
    600 F.3d 1347 (Fed. Cir. 2010) ...................................................................................... 3

*Laguna Hermosa Corp. v. United States*,
    671 F.3d 1284 (Fed. Cir. 2012) ...................................................................................... 2

*Novartis AG v. Noven Pharm. Inc.*,
    853 F.3d 1289 (Fed. Cir. 2017) ...................................................................................... 7

*Panduit Corp. v. Dennison Mfg. Co.*,
    774 F.2d 1082 (Fed. Cir. 1985), *vacated on other grounds*, 475 U.S. 809 (1986) ............. 4

*Panduit Corp. v. Dennison Mfg. Co.*,
    810 F.2d 1561 (Fed. Cir. 1987) ................................................................................. 3, 6

*Pers. Audio, LLC v. CBS Corp.*,
    946 F.3d 1348 (Fed. Cir. 2020) ...................................................................................... 7

## TABLE OF AUTHORITIES

PAGE

*Semiconductor Energy Lab. Co., Ltd. v. Nagata*,
    706 F.3d 1365 (Fed. Cir. 2013) .................................................................................... 4

*XimpleWare, Inc. v. Versata Software, Inc.*,
    No. 5:13-CV-05161-PSG, 2014 WL 6687219 (N.D. Cal. Nov. 25, 2014) ......................... 4

**Statutes**

28 U.S.C. § 1295(a)(4)(A) .................................................................................................. 7

35 U.S.C. § 102 .................................................................................................................. 5

35 U.S.C. § 103 .................................................................................................................. 5

35 U.S.C. § 141(c) ............................................................................................................. 7

35 U.S.C. § 316(e) ............................................................................................................. 7

35 U.S.C. § 319 .................................................................................................................. 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 2, 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FINTIV, INC., § | | |
| § | | |
| Plaintiff, § | | C.A. No. 1:19-CV-01238-ADA |
| § | | |
| v. § | | JURY TRIAL DEMANDED |
| § | | |
| APPLE INC., § | | |
| § | | |
| Defendant. § | | |

**APPLE INC.'S MOTION TO DISMISS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple") moves to dismiss Count III of Plaintiff Fintiv, Inc.'s ("Fintiv") Second Amended Complaint ("SAC," ECF No. 92) for failure to state a claim. This Court should dismiss Count III for the straightforward reason that no court can issue the relief it requests: a declaration that patent claims—which are already presumed to be valid—are valid.

## BACKGROUND

On December 21, 2018, Fintiv sued Apple for allegedly infringing U.S. Patent No. 8,843,125 (the "'125 Patent"), entitled "System and Method for Managing Mobile Wallet and Its Related Credentials." Complaint ¶¶ 1-4, ECF No. 1; SAC ¶¶ 1-4.[1] The '125 Patent generally relates to management of virtual cards stored on mobile devices. *See* SAC ¶ 11; *see also* '125 Patent 2:55-3:47, ECF No. 1-1. In its original Complaint, Fintiv accused the Apple Wallet

---

[1] Apple cites to Fintiv's various complaints only to illustrate for the Court the subject matter of the dispute, and because the Court must treat Fintiv's allegations in the SAC as true for the purposes of this motion only. Apple does not admit the truth or relevance of any allegation or characterization made by Fintiv.

Application on the Apple iPhone and Apple Watch (the "Accused Products") of both direct and indirect infringement of Claims 11, 18, and 23 of the '125 Patent in a single count. Complaint ¶¶ 16-27.

On April 9, 2019, Fintiv filed its First Amended Complaint ("FAC"). ECF No. 28. Fintiv's allegations—and its list of Asserted Claims—remained essentially the same, but it divided its claims of direct and indirect infringement into two separate counts. FAC ¶¶ 16-31.

On October 28, 2019, Apple filed a petition for *inter partes* review with the Patent Trial and Appeal Board ("PTAB"), seeking review of Claims 11, 13-14, 16-18, and 20-25 of the '125 Patent. Paper No. 1 at 1, IPR2020-00019 (the "IPR Petition"). The PTAB has not yet determined whether to institute review of the '125 Patent; Fintiv's preliminary response to the IPR Petition is due on Feb. 18, 2020 and an institution decision is expected on or about May 15, 2020.

On January 30, 2020, Fintiv filed its Second Amended Complaint. ECF No. 92. Once again, Fintiv hardly altered its factual allegations. However, Fintiv asserted direct and indirect infringement of all claims of the '125 Patent challenged by the IPR Petition. SAC ¶¶ 16, 27 (adding Claims 13-14, 16-17, 20-22, and 24-25 to the existing Counts). It also added a new Count III, noting the filing of the IPR Petition, asserting that its newly asserted claims "are not invalid based on any argument raised in the IPR Petition," and seeking a "declaration and judgment that claims 11, 13-14, 16-18, and 20-25 of the '125 Patent are valid pursuant to Title 35 of the United States Code." SAC § VI.C; *id.* ¶¶ 33-38.

## LEGAL STANDARD

Under Rule 12(b)(6), a cause of action should be dismissed "when the facts asserted do not give rise to a legal remedy, or do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citations omitted). No set of alleged facts can save a claim for relief that the court is not authorized to grant. *See, e.g.*,

*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("The district court's determination that it had no authority to take action in this case is essentially a conclusion that Ferguson has failed to state a claim upon which relief may be granted."). In particular, where a district court is not authorized to issue a declaration sought by the plaintiff, the court "should … dismiss[] the claim under Rule 12(b)(6) because no private right of action exists." *HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*, 600 F.3d 1347, 1354 (Fed. Cir. 2010).

## ANALYSIS

### I. Federal Courts Have No Authority to Declare a Patent Claim Valid.

In its SAC, Fintiv asks this Court to declare that the asserted claims of the '125 Patent are valid "pursuant to Title 35 of the United States Code." SAC § VI.C; *id.* ¶¶ 33-38. But while declaratory judgments of invalidity are commonplace, neither the Declaratory Judgment Act nor Title 35—nor any other authority—permits a federal court to issue a declaration of *validity*.

The Federal Circuit definitively settled the question more than three decades ago: "It is neither necessary nor appropriate for a court to declare a patent valid. A trial court is required by Congress to say only whether the patent challenger carried its burden of establishing invalidity in the particular case before the court." *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1569-70 (Fed. Cir. 1987) (internal citations omitted) (*Panduit II*). If a defendant carries its burden, "the court should *declare* the patent invalid." *Id.* at 1570 (emphasis added). But if the defendant fails and "the burden has not been carried, a court need only so state," at which point "the patent simply remains valid." *Id.* The court does not issue a declaration of validity. The Federal Circuit repeated its conclusion in many other early cases, and noted multiple legal principles that led to the same conclusion. *See, e.g.*, *Durango Associates, Inc. v. Reflange, Inc.*, 843 F.2d 1349, 1356 n.4 (Fed. Cir. 1988) ("A patent should not be declared 'valid' by a court because other challengers may be

able to prove invalidity using different evidence."); *Panduit Corp. v. Dennison Mfg. Co.*, 774 F.2d 1082, 1096 & n.21 (Fed. Cir. 1985) ("A suit brought only for a declaration that a patent is valid would be as stated an anomaly . . . . A patentee who in an infringement suit asks the court to hold his patent 'valid and infringed' states a redundancy . . . . The unnecessary request for a 'valid' holding also suggests a blurring of the burden assignment."), *vacated on other grounds*, 475 U.S. 809 (1986) (*Panduit I*); *Envtl. Designs, Ltd. v. Union Oil Co. of California*, 713 F.2d 693, 699 n.9 (Fed. Cir. 1983) ("It is not necessary that a district court hold a patent valid. In an appropriate case, it is necessary to hold only that the challenger of a patent's validity failed to carry his burden of proving invalidity [which] avoids concern that a patent held valid may be held invalid on a different record in another case.").

The Federal Circuit has continued to reaffirm ever since, in even stronger terms, that "courts do not declare patents to be valid, and only declare that they have not been proved to be invalid, if such is the case." *Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 555 F.3d 984, 994 (Fed. Cir. 2009); *see also Semiconductor Energy Lab. Co., Ltd. v. Nagata*, 706 F.3d 1365, 1370 (Fed. Cir. 2013) (no federal cause of action for assignor estoppel because such relief "is akin to seeking a declaratory judgment of patent validity, which is not a viable cause of action"). Unsurprisingly, district courts throughout the country have uniformly followed suit. *See, e.g.*, *Geovector Corp. v. Samsung Elecs. Co. Ltd.*, No. 16-cv-02463-WHO, 2016 WL 6662996, at *5 (N.D. Cal. Nov. 10, 2016) ("GeoVector's [declaratory judgment] request is improper because 'a declaratory judgment of patent validity . . . is not a viable cause of action.'" (quoting *Semiconductor Energy*)); *XimpleWare, Inc. v. Versata Software, Inc.*, No. 5:13-cv-05161-PSG, 2014 WL 6687219, at *9 (N.D. Cal. Nov. 25, 2014) ("A defendant may seek a declaration of invalidity as an affirmative defense to a charge of patent infringement, but no corresponding

affirmative cause of action is available."); *AstraZeneca AB v. Dr. Reddy's Labs. Inc.*, No. 11-2317 (JAP), 2014 WL 1292226, at *3 (D.N.J. Mar. 28, 2014) ("While invalidity of a patent is an available affirmative defense in a patent infringement action, Plaintiff cites nothing to support the notion that a patentee has an affirmative cause of action to seek a declaration that a patent is valid. Indeed, the opposite appears to be true. . . . [T]here is no basis upon which the Court may enter the judgment Plaintiffs seek.").

Like these district courts and the Federal Circuit, undersigned counsel has not located a single case, at any level, holding that a federal court is authorized to declare a patent claim valid. Instead, case after case holds the opposite. Fintiv's Count III asks for relief that lies beyond the Court's power to grant, and must be dismissed.

**II. Fintiv's Attempts to Cabin Claim III Do Not Bring It Within This Court's Authority.**

Seeking to avoid this straightforward conclusion, Fintiv attempts to hedge its way around the authority above. Fintiv suggests that the Court might declare the asserted claims valid only "as they relate to the References," which it defines to be the prior art combinations asserted in the IPR Petition. SAC § VI.C; *id.* ¶¶ 34-35. But Fintiv's Prayer for Relief is not so limited—it seeks a broader declaration that the asserted claims "are valid pursuant to Title 35 of the United States Code, particularly 35 U.S.C. §§ 102 and 103." SAC § VI.C. Notably, Apple's IPR petition did not even raise a § 102 anticipation argument, a fact that Fintiv tacitly acknowledges in ¶ 35 of its SAC which states that "[t]he IPR Petition raises two 35 U.S.C. § 103 obviousness grounds." More fundamentally, however, it simply does not matter which references or prior art grounds Apple raised in its IPR—this Court does not have the authority to grant the relief Fintiv requests.

Patent claims are either valid or invalid; they are not valid with respect to particular prior art references, arguments, or parties, and invalid regarding others. Indeed, this is a major theme

of the authorities on this issue. When one defendant proves invalidity using a single reference or combination, the patent claim is invalid for all purposes and as to all parties, so the court may issue a declaration. But if that particular defendant fails to establish invalidity, the most the court can say is that the arguments before it did not meet the required burden with respect to the references and other evidence before it. *Ball Aerosol*, 555 F.3d at 994; *Panduit II*, 810 F.2d 1569-70; *Envtl. Designs*, 713 F.2d at 700. Meanwhile, other parties, arguments, and references (or combinations of references) might establish invalidity in a future case. *Durango*, 843 F.2d at 1356 n.4. But the problem does not stop there. Other challenges might successfully rely on the *same* References, but cite to different *portions* of the documents. Even a challenge that used precisely, and only, the exact same passages cited in the IPR Petition could succeed by identifying different extrinsic evidence, presenting a more convincing expert, or even just making more persuasive arguments. That is why a court's judgment establishes, at most, that a particular defendant failed to prove invalidity through the arguments and evidence it presented in a particular case; "like all holdings, [a declaratory judgment] is based on the record of the case at hand." *Envtl. Designs*, 713 F.2d at 699 n.9.

Moreover, in inviting this Court to take up and purportedly decide arguments raised in a different tribunal, administered by a different branch of the federal government that operates under a different evidentiary standard, Fintiv misunderstands both the role and the power of this Court.

To begin, district courts are not empowered to adjudicate issues presented to a different tribunal. Instead our adversarial system charges a court with resolving the disputes before it on the facts and arguments presented by the parties before it. *See, e.g.*, *Dye v. Mansfield*, 504 F.3d 1289, 1293 (Fed. Cir. 2007) (refusing to issue an "advisory opinion" because courts "customarily decide only the issues presented in the cases before them and not issues that may arise in other

contexts in other cases."). This core insight—grounded in the separation of powers at the heart of the Constitution—underlies innumerable legal principles in American jurisprudence, ranging from waiver rules, to abstention doctrines, to *Chevron* deference. Arguments and disputes presented to the executive branch are exclusively for that branch of government to resolve.

Nor would this Court have power over IPR proceedings in any case. It cannot overturn a final decision from the PTAB; indeed, any PTAB decision invalidating the '125 Patent would *moot* Fintiv's claims here. *See, e.g.*, *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339–40 (Fed. Cir. 2013). Likewise, appeals from a PTAB decision, including an IPR, go "only to the United States Court of Appeals for the Federal Circuit," not to a district court. 35 U.S.C. §§ 141(c), 319; *see also* 28 U.S.C. § 1295(a)(4)(A) (giving the Federal Circuit "exclusive jurisdiction" over appeals from an IPR decision). Collateral attacks on an IPR are equally unavailable; no "district court [has] jurisdiction to consider challenges to the legality of [a PTAB] decision." *Pers. Audio, LLC v. CBS Corp.*, 946 F.3d 1348, 1351-53 (Fed. Cir. 2020). Neither could this Court's purported declaration of validity cut off *later* PTAB proceedings. The PTAB judges the invalidity of claims in an IPR under a preponderance of the evidence standard, *see* 35 U.S.C. § 316(e), rather than the clear and convincing standard that governs a district court proceeding. *Novartis AG v. Noven Pharm. Inc.*, 853 F.3d 1289, 1294 (Fed. Cir. 2017). As a result, "the PTAB properly may reach a different conclusion based on the same evidence" considered by a district court, or even the Federal Circuit on review of a district court proceeding. *Id.* Thus, regardless of how broadly or narrowly Fintiv has framed its request for a declaratory judgment of validity, this Court lacks the authority to grant the requested relief.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss Count III of Fintiv's Second Amended Complaint because it fails to state a claim on which this Court is authorized to grant relief.

Dated:  February 13, 2020  Respectfully submitted,

*/s/ Claudia Wilson Frost*
Claudia Wilson Frost – Lead Counsel
State Bar No. 21671300
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main Street, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com

Travis Jensen
CA Bar No. 259925
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650.614.7400
Facsimile: 650.614.7401
tjensen@orrick.com

**ATTORNEYS FOR DEFENDANT APPLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 13, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission or first-class mail.

*/s/ Travis Jensen*
Travis Jensen
