**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| FINTIV, INC., | § |
| | §   Civil Action No.: 1:19-cv-01238-ADA |
| | § |
| Plaintiff, | § |
| | § |
| | §   **JURY TRIAL DEMANDED** |
| v. | § |
| | § |
| APPLE INC., | § |
| | § |
| | § |
| Defendant. | § |
| | § |

**PLAINTIFF FINTIV, INC.'S
<u>OPPOSITION TO APPLE INC.'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................... 1
II. PROCEDURAL HISTORY...................................................................................... 1
III. LEGAL STANDARD............................................................................................... 2
IV. ARGUMENT............................................................................................................ 3

    A. The Court Should Deny Apple's Motion because Fintiv's Amended Complaint Pleads Sufficient Facts Alleging a Case or Controversy ...................... 3

    B. The Court Should Exercise its Discretion to Declare the '125 Patent Valid Over the References Under the Declaratory Judgment Act................................... 4

    C. Fintiv Does Not Request a Blanket Statement of Validity and Apple's Cited Authorities are Inapplicable ............................................................................ 6

    D. There is No Prejudice Against Apple and the Interests of Judicial Efficiency and Consistency Weigh in Favor of Denying Apple's Motion............ 8

    E. Alternative Request for Leave to Amend ............................................................. 9

V. CONCLUSION....................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Andco Environmental Processes, Inc. v. Niagara Environmental Associates, Inc.*,
   No. 78-738, 1980 WL 30233, (W.D.N.Y. Mar. 21, 1980) .......................................................5

*Apple Inc. v Fintiv, Inc.*,
   IPR2020-00019, Paper 1 (P.T.A.B. Oct. 28, 2019) .................................................................2

*AstraZeneca AB v. Dr. Reddy's Labs. Inc.*,
   No. CIV.A. 11-2317 JAP, 2014 WL 1292226, (D.N.J. Mar. 28, 2014)...................................7

*Ball Aerosol & Specialty Container, Inc. v Ltd. Brands, Inc.*,
   555 F.3d 984 (Fed. Cir. 2009) .............................................................................................7, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ...........................................................................................2, 3

*Durango Assocs., Inc. v. Reflange, Inc.*,
   843 F.2d 1349 (Fed. Cir. 1988) ............................................................................................6, 8

*Envtl. Designs, Ltd. v. Union Oil Co. of California*,
   713 F.2d 693 (Fed. Cir. 1983) ..................................................................................................8

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) ..................................................................................................4

*Geovector Corp. v. Samsung Electronics Co.*,
   No. 16-CV-02463-WHO, 2016 WL 6662996, (N.D. Cal. Nov. 10, 2016) ..............................6

*Harrington v. State Farm Fire & Cas. Co.*,
   563 F.3d 141 (5th Cir. 2009) ................................................................................................2, 3

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
   677 F.2d 1045 (5th Cir. 1982) ..................................................................................................2

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ....................................................................................................3

*United States ex rel. Marcy v. Rowan Cos., Inc.*,
   520 F.3d 384 (5th Cir. 2008) ....................................................................................................9

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
  633 F. Supp. 2d 361 (E.D. Tex. 2009) ............................................................................. 8

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ......................................................................................................... 5

*Mirror Worlds, LLC v. Apple, Inc.*,
  784 F. Supp. 2d 703 (E.D. Tex. 2011) ............................................................................. 8

*Panduit Corp. v. Dennison Mfq. Co.*,
  810 F.2d 1561 (Fed. Cir. 1987) ....................................................................................... 6

*Semiconductor Energy Lab. Co. v. Nagata*,
  706 F.3d 1365 (Fed. Cir. 2013) ....................................................................................... 7

*Sherwin Williams Co. v. Holmes Cty.*,
  343 F.3d 383 (5th Cir. 2003) ........................................................................................... 9

*Sony Elec., Inc. v. Guardian Media Tech., Ltd.*,
  497 F.3d 1271 (Fed. Cir. 2007) ....................................................................................... 4

*Stripling v. Jordan Prod. Co.*,
  234 F.3d 863 (5th Cir. 2000) ........................................................................................... 9

*Tubular Serv. & Eng'g Co. v. Sun Oil Co.*,
  220 F.2d 27 (5th Cir. 1955) ............................................................................................. 8

*Turner v. Pleasant*,
  663 F.3d 770 (5th Cir. 2011) ........................................................................................... 2

*White v. Mar-Bel, Inc.*,
  509 F.2d 287 (5th Cir. 1975) ........................................................................................... 8

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) ......................................................................................................... 5

*XimpleWare, Inc. v. Versata Software, Inc.*
  No. 5:13-CV-05161-PSG, 2014 WL 6687219 (N.D. Cal. Nov. 25, 2014) ...................... 7

**Statutes**

35 U.S.C. § 103 ....................................................................................................................... 3

28 U.S.C. § 2201 ........................................................................................................... 1, 3, 4, 5

Federal Rule of Civil Procedure 12(b)(6) ..................................................................... 2, 3, 5

Federal Rule of Civil Procedure 8(a)(2) ............................................................................... 3

Federal Rule of Civil Procedure 15(a) ...........................................................................................9

Plaintiff Fintiv, Inc. ("Fintiv") respectfully submits this Opposition to Defendant Apple Inc.'s ("Apple") Motion to Dismiss Under Federal Rule of Procedure 12(b)(6) ("Motion"), requesting a dismissal of Fintiv's claim for a declaratory judgment of validity of the U.S. Patent No. 8,843,125 ("the '125 Patent") as pleaded in Fintiv's Second Amended Complaint for Patent Infringement ("Second Amended Complaint").

## I.     INTRODUCTION

The Court should deny Apple's Motion because Fintiv has made a *prima facie* showing under Rule 12(b)(6) standard, Rule 8, and the Declaratory Judgment Act.  There is a substantial, definite, and concrete controversy, between Fintiv and Apple, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  Therefore, pursuant to the Declaratory Judgment Act, the Court has discretion to declare the '125 Patent valid over the References asserted by Apple in its IPR Petition and Final Invalidity Contentions.  Contrary to Apple's assertions, Fintiv does not request a blanket statement of validity, but instead a tailored declaratory judgment of validity of the '125 Patent over the References Apple has asserted against Fintiv. Apple cannot claim prejudice because the Court will ultimately decide on the issue of validity of the '125 Patent in its final judgment. Judicial efficiency and consistency also weigh in favor of denying Apple's Motion.  Accordingly, Fintiv respectfully requests that the Court deny Apple's Motion.

## II.    PROCEDURAL HISTORY

On December 21, 2018, Fintiv filed its original Complaint for Patent Infringement against Apple.  (Dkt. 1.)   On April 9, 2019, Fintiv filed its First Amended Complaint for Patent Infringement.  (Dkt. 28.)  On April 23, 2019, Apple filed its Answer and Defenses to Fintiv's First Amended Complaint.  (Dkt. 31.)

On October 28, 2019, Apple filed its *Inter Partes Review* Petition in IPR 2020-00019 ("IPR Petition") seeking review of Claims 11, 13-14, 16-18, and 23-25 of the '125 Patent, and its supplemental filing on December 9, 2019. *Apple Inc. v Fintiv, Inc.*, IPR2020-00019, Paper 1 at ¶ 34 (P.T.A.B. Oct. 28, 2019); *Id*. at Paper 7 (P.T.A.B. Dec. 9, 2019). On February 15, 2020, Fintiv filed its preliminary response to the IPR Petition. *Id*. at Paper 10 (P.T.A.B. Feb. 15, 2020). The PTAB has not yet determined whether to institute review of the '125 Patent.

On January 30, 2020, Fintiv filed its Second Amended Complaint (Dkt. 92) and Apple filed its First Amended Answer and Defenses to Fintiv's First Amended Complaint. (Dkt. 91.) On February 13, 2020, Apple filed the instant Motion. (Dkt. 93.)

### III.   LEGAL STANDARD

Motions to dismiss are not unique to patent law and, therefore, are evaluated under the applicable law of the regional circuit. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (*citing Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (finding that a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted" and that "dismissal of a claim on the basis of barebones pleading is a precarious disposition with a high mortality rate") (internal quotes and citations omitted).

The complaint must be liberally construed in favor of the Plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. When evaluating a motion to dismiss under Rule 12(b)(6), the Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim

and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). In order to survive a challenge under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will survive a Rule 12(b)(6) attack if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. The plaintiff is not required to prove its case at the pleading stage. *In re Bill of Lading*, 681 F.3d at 1339.

## IV. ARGUMENT

### A. The Court Should Deny Apple's Motion because Fintiv's Amended Complaint Pleads Sufficient Facts Alleging a Case or Controversy

All allegations of the Second Amended Complaint are construed in favor of Fintiv, and all facts pleaded must be taken as true. *See Harrington*, 563 F.3d at 147. Fintiv made a *prima facie* case showing that it is entitled to relief pursuant to Federal Rule of Civil Procedure 8(a)(2). *See In re Bill of Lading*, 681 F.3d at 1323, 1333. Count III of the Second Amended Complaint sufficiently alleges that at least claims 11, 13-14, 16-18, and 20-25 of the '125 Patent are not invalid over the References asserted by Apple in both its IPR Petition and Final Invalidity Contentions. (Dkt. 92 at 21). Specifically, Fintiv alleges that the IPR Petition raises two 35 U.S.C. § 103 obviousness grounds, which include (1) claims 11, 13-14, 16-17, and 23-25 based on the combination of Aiglstorfer, Buhot, and Wang, and (2) claims 18 and 20-22 based on the combination of Aiglstorfer and Wang (collectively, "References."). (Dkt. 92 at 21.) Thus, there is no question that Fintiv's Second Amended Complaint contains sufficient factual matter to state a plausible claim of relief for a declaratory judgment of validity of the '125 Patent. Therefore, Fintiv's Second Amended Complaint meets Rule 12(b)(6)'s pleading standard and Apple's Motion should be denied.

3

Fintiv also sufficiently alleges a case of actual controversy, which grants the Court subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). To show an actual controversy, "the Supreme Court has required *only* that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Sony Elec., Inc. v. Guardian Media Tech., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007) (internal quotations omitted) (emphasis added). The Second Amended Complaint specifically alleges that "there is an actual controversy … between Fintiv and Apple as to whether the References [cited by Apple] invalidate one or more claims of the '125 Patent." (Dkt. 92 at 21.) The controversy as to the validity of the '125 Patent over the References is definite and concrete, touching the legal relations of Fintiv and Apple. The controversy is also real and substantial and requires specific relief through a judicial determination. Apple cannot dispute that there is a case or controversy. In fact, Apple does not dispute (1) whether Fintiv sufficiently pled its case, and (2) whether there is a case or controversy between the parties. Rather, Apple disputes whether the Court has *discretion* to grant Fintiv's request for a declaratory judgment of validity over the references asserted by Apple. (Dk. 93 at 6-7.) In such circumstances, the Federal Circuit has reversed a district court's decision to grant a motion to dismiss on discretionary grounds. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory action is not subject to dismissal.")

      **B.**    **The Court Should Exercise its Discretion to Declare the '125 Patent Valid Over the References Under the Declaratory Judgment Act**

Under the Declaratory Judgment Act, a Court "may declare the rights and other legal

4

relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Where there is a sufficient showing that a substantial controversy exists between parties having adverse legal interests, the "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 277 (1995). As the Supreme Court has stated:

> The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party," 28 U.S.C. § 2201(a) (emphasis added), not that it must do so. We have found it "more consistent with the statute," … "to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Wilton,*[*v. Seven Falls Co.*, 515 U.S. 277 (1995)] *supra*, at 289.

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007). There is no dispute that a substantial controversy exists between Fintiv and Apple related to the validity of the '125 Patent over the References. Apple does not dispute or deny that a substantial controversy exists between the parties. Therefore, the Court possesses discretion pursuant to the Declaratory Judgment Act in determining whether the '125 Patent is valid over the References.

The Court's *discretion* in granting a declaratory judgment is a separate issue from the Court's *decision* to grant Apple's Motion pursuant to Rule 12(b)(6). When a plaintiff has met the prerequisites of a declaratory judgment claim, courts have denied motions to dismiss. For example, the court in *Andco Environmental Processes, Inc. v. Niagara Environmental Associates, Inc.* denied the defendants' motion to dismiss plaintiff's causes of action for declaratory judgment as to the validity and infringement of its patents. No. 78-738, 1980 WL 30233, at *13 (W.D.N.Y. Mar. 21, 1980). There, the court stated that the issue regarding the request for declaratory judgment on the validity of the patents is "whether an actual patent controversy is present." *Id.* In finding that an actual controversy was presented by the declaratory judgment claim, the court

5

denied defendants' motion to dismiss, which had been converted to a motion for summary judgment. *Id.* Similarly here, there is no question that a case of actual controversy exists between Fintiv and Apple as to the validity of the '125 Patent over the References. Therefore, Apple's Motion should be denied.

### C. Fintiv Does Not Request a Blanket Statement of Validity and Apple's Cited Authorities are Inapplicable

Apple contends that Fintiv's declaratory judgment claim should be dismissed because the Court lacks authority to declare the '125 Patent valid and cites a slew of cases in an attempt to support this argument. (Dkt. 93 at 3-5.) However, each of Apple's cited cases denying a claim for declaratory judgment involves a request for a blanket statement of validity. For example, in *Geovector Corp. v. Samsung Electronics Co.*, the court denied plaintiff's claim for declaratory relief because it requested that the court "declare that [the asserted patents], and each of them, are valid and enforceable" without limiting the declaration to the case at hand. No. 16-CV-02463-WHO, 2016 WL 6662996, at *5 (N.D. Cal. Nov. 10, 2016). Likewise, in *Durango Assocs., Inc. v. Reflange, Inc.*, the court expressed concern that a patent should not be declared "valid" because "other challengers may be able to prove invalidity using different evidence." 843 F.2d 1349, 1356 n.4 (Fed. Cir. 1988)*; see also Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1569 (Fed. Cir. 1987) (*citing Envtl. Designs, Ltd. v. Union Oil Co. of California,* 713 F.2d 693, 699 n.9 (Fed. Cir. 1983) (holding that a declaratory judgment should be "based on the record of the case at hand.").) Contrary to Apple's contentions, Fintiv's Second Amended Complaint requests a tailored declaratory judgment of validity in the face of Apple's assertions of invalidity involving the References. Fintiv's request for a declaratory judgment of validity does not pertain to concerns of patent validity in a different tribunal, as asserted by Apple. (Dkt. 93 at 6.) The References Apple asserts in its IPR Petition are identical to those Apple asserted in its Final Invalidity Contentions,

6

and they are therefore at issue in this litigation.

In addition, Apple mistakenly relies on a number of authorities to support its argument that the "court does not issue a declaration of validity" as validity was not at issue in these proceedings. (Dkt. 93 at 3.) First, Apple cites to *XimpleWare, Inc. v. Versata Software, Inc.*, for the proposition that "[a] defendant may seek a declaration of invalidity as an affirmative defense to a charge of patent infringement, but no corresponding affirmative cause of action is available." (Dkt. 93 at 4-5.) However, the Northern District of California in *XimpleWare*, held that "no corresponding affirmative cause of action is *available to XimpleWare*" because "no defendant ha[d] challenged the validity of the asserted patents, and consequently a declaration as to their validity would amount to an improper advisory opinion." *XimpleWare, Inc. v. Versata Software, Inc.* No. 5:13-CV-05161-PSG, 2014 WL 6687219, at *9 (N.D. Cal. Nov. 25, 2014) (emphasis added). Second, Apple cites to *Semiconductor Energy Lab. Co. v. Nagata*, for the proposition that "no federal cause of action for assignor estoppel because such relief 'is akin to seeking a declaratory judgment of patent validity, which is not a viable cause of action.'" (Dkt. 93 at 4.) However, the request for declaratory judgment of patent validity in that case involved a dispute between "a plaintiff in another, separate litigation and a witness for the defendant in that proceeding," and not the present proceeding. *Semiconductor Energy Lab. Co. v. Nagata*, 706 F.3d 1365, 1370 (Fed. Cir. 2013). Third, in *AstraZeneca AB v. Dr. Reddy's Labs. Inc.*, the "Court recognizes that there exists an ongoing dispute between the parties as to the validity of the [] patent. However, that issue is being litigated in a separate (but related and partially consolidated) action." No. CIV.A. 11-2317 JAP, 2014 WL 1292226, at *4 (D.N.J. Mar. 28, 2014). Therefore "there simply is no reason to address validity." *Id.* Fourth, in *Ball Aerosol & Specialty Container, Inc. v Ltd. Brands, Inc.*, the only claims at issue were claims 1 and 5, and the court "render[s] no judgment on any other claims."

7

555 F.3d 984, 994 (Fed. Cir. 2009).  Therefore, the Court cannot declare "all the claims of the patents 'valid'" because validity is not at issue for all of the claims. *Id.*  "[C]ourts should not adjudicate claims not put in issue by the parties." *Id.*  Fifth, in *Durango Assoc., Inc. v. Reflange, Inc.*, the Court concluded that the patents were "valid" and their validity was not contested, therefore validity was not at issue.  843 F.2d 1349, 1356 (Fed. Cir. 1988).

### D. There is No Prejudice Against Apple and the Interests of Judicial Efficiency and Consistency Weigh in Favor of Denying Apple's Motion

There is no prejudice against Apple where the Court makes a declaratory judgment as to the validity of the '125 Patent over the asserted References because the Court will ultimately decide such an issue in its final judgment.  In fact, courts have consistently declared in final judgments that a patent is valid and infringed. *See, e.g., Tubular Serv. & Eng'g Co. v. Sun Oil Co.*, 220 F.2d 27, 33 (5th Cir. 1955) (in affirming judgment in patent-holder's favor, the Fifth Circuit concluded that "the district court properly held the [asserted patent] valid and infringed"); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361, 370 (E.D. Tex. 2009) (entering judgment in patent-holder's favor following jury verdict finding the asserted patent valid and infringed by all defendants); *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 731 (E.D. Tex. 2011) (affirming verdict of validity); *White v. Mar-Bel, Inc.*, 509 F.2d 287, 288 (5th Cir. 1975) (The jury "found that the patent was valid, that defendants' infringement was wanton and willful, and that the court should treble the damages in entering judgment.").  Even Apple's cited case affirmed a finding that "the judgment that the claims of the [] patent are *valid* and claims 1-8 and 12 are literally and substantively *infringed*." *Envtl. Designs, Ltd. v. Union Oil Co. of California*, 713 F.2d 693, 700 (Fed. Cir. 1983) (emphasis added).

The interest of judicial efficiency and consistency also weigh in favor of denying Apple's Motion. The Fifth Circuit has set forth a list of non-exclusive factors for consideration by courts

8

deciding whether to dismiss a declaratory judgment claim, which together address concerns of judicial efficiency, fairness in forum selection, and federalism. *See Sherwin Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003). In the present case, the interests of judicial efficiency and fairness in forum selection favor resolving Fintiv's declaratory judgment claim in this Court. Fintiv asserts that the '125 Patent is valid over the Apple References. (Dkt. 92 at 21.) Trying the infringement case will necessarily involve issues related to Fintiv's assertions that the '125 Patent is valid over the References. There is, accordingly, substantial overlap between trying Fintiv's infringement claims and its declaratory judgment claim. The interests of judicial efficiency and consistency in judgments favor trying those issues here in one court. Apple cannot point to any reason why these issues should be tried in a different forum. This Court has jurisdiction over Fintiv's declaratory judgment claim and the issues it raises substantially overlap with the infringement claims before the Court. Therefore, the Court should hear this declaratory judgment claim and deny Apple's Motion.

### E.     Alternative Request for Leave to Amend

Should the Court be inclined to grant Apple's Motion, Fintiv respectfully requests leave to file an amended complaint. Motions for leave to amend a complaint are properly analyzed under Federal Rule of Civil Procedure 15(a), which provides that leave should be "freely give[n]… when justice so requires." The Fifth Circuit has made clear that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). In determining whether to grant leave to amend, a court may consider a number of factors, "including the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith." *United States ex rel. Marcy v. Rowan Cos., Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). Here, Fintiv sufficiently pleaded a claim upon which relief may be granted in its Second Amended Complaint. Apple cannot credibly argue that futility of amendment, repeated

9

failure to cure deficiencies, undue delay, or bad faith justify denial of Fintiv's request for leave to amend.  *See id.*  Therefore, should the Court be inclined to grant Apple's Motion with respect to Fintiv's Count III, Fintiv also requests it be allowed to amend its complaint to make clear that Fintiv is seeking a Declaratory Judgment in the face of Apple's assertion of invalidity as it pertains to the References.

## V.   CONCLUSION

For the foregoing reasons, Apple's Motion to Dismiss should be denied in its entirety. To the extent the Court agrees with any of Apple's contentions, Fintiv respectfully requests leave to amend its Complaint.

Dated:  March 2, 2020               RESPECTFULLY SUBMITTED,

By: /s/ Andy Tindel
J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, Texas 75652
913 Franklin Ave., Suite 201
Waco, Texas 76701
Telephone:  (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
Jack Shaw (CA Bar No. 309382)
(Admitted in this District)
jshaw@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted *Pro Hac Vice*)

**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Daniel C. Miller (NY Bar No. 4232773)
(Admitted in this District)
**KASOWITZ BENSON TORRES LLP**
1399 New York Avenue NW, Suite 201
Washington, DC  20005
Telephone:  (202) 760-3400
Facsimile:   (202) 760-3401
Email: dcmiller@kasowitz.com

Rodney R. Miller (Texas Bar No. 24070280)
(Admitted in this District)
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street N.W., Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081
Email: rmiller@kasowitz.com

**Attorneys for Plaintiff**
**FINTIV, INC.**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record via U.S. District Court [LIVE] — Document Filing System to all counsel of record on this 2nd day of March, 2020.

                                                */s/ Andy Tindel*
                                                **Andy Tindel**