IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FINTIV, INC., | § |
| | §  Civil Action No.: 1:19-cv-01238-ADA |
| Plaintiff, | § |
| | § |
| v. | §  JURY TRIAL DEMANDED |
| | § |
| APPLE INC., | § |
| | § |
| Defendant. | § |

**PLAINTIFF FINTIV, INC.'S OPPOSITION TO
DEFENDANT APPLE INC.'S MOTION TO EXCLUDE THE OPINIONS OF
<u>FINTIV'S DAMAGES EXPERT ROY WEINSTEIN</u>**

Plaintiff Fintiv, Inc. ("Fintiv") submits this opposition to defendant Apple Inc.'s ("Apple") motion to exclude the opinions of Fintiv's damages expert, Roy Weinstein ("Motion").

## I. INTRODUCTION

Mr. Weinstein properly calculated damages using two approaches closely tied to the facts of this case, employing reliable economic theories and methodologies that have been accepted by courts, including in the Eastern District of Texas. In both of these approaches, Mr. Weinstein calculated damages based on the incremental value of the patented invention, which claims, *inter alia*, systems, methods, and devices for securely provisioning cards in a mobile wallet.



███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████ *See, e.g., Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-cv-01366-JRG-RSP, 2021 WL 662238, at *6 (E.D. Tex. Feb. 20, 2021) (finding that damages expert properly relied on technical expert to conclude that patented technology was essential to value of FairPlay as a whole and attributing 100% of FairPlay value to the patents-in-suit). ████████

███████████████████████████████████████████████████████

███

█ ███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████

## II. RELEVANT FACTS

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[1] "Ex. __" refers to the exhibits to the Declaration of Jonathan K. Waldrop filed concurrently with this opposition.

3

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████ Mr. Weinstein cited to the October 21, 2014 UBS analyst report titled "Apple Inc., First Proof Points of Mega-Cycle; Increasing Estimates on iPhone Sell-Through +26%" ("UBS Report"). (Ex. 5, UBS Report at 1.) The UBS Report was prepared by the UBS analysts, Steven Milunovich, CFA (29 years of relevant experience including financial analysis in the IT hardware industry) and Peter Christiansen, CFA, CMT (20 years of financial analysis experience). (Ex. 5, UBS Report at 1; Ex. 6, UBS Analyst LinkedIn Profiles.)



### III.   LEGAL STANDARD

"Courts must admit expert testimony if (1) the expert is qualified; (2) the evidence is relevant to the litigation; and (3) the evidence is reliable." *ProTradeNet, LLC v. Predictive Profiles, Inc.*, No. 6:18-cv-00038-ADA, 2019 WL 6499488, at *2 (W.D. Tex. Oct. 11, 2019). When "the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and

4

careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993); *see also ProTradeNet*, 2019 WL 6499488, at *2. Importantly, "[w]hen the methodology is sound, and the evidence relied upon sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011).

IV.   **ARGUMENT**



Notably, the UBS Report here was prepared by two highly-trained analysts having close to 50 years of combined relevant experience. (Ex. 5, UBS Report at 1; Ex. 6, UBS Analyst LinkedIn Profiles.)

the UBS Report is precisely about Apple's actual financial performance at the time of the hypothetical negotiation in October 2014. (Ex. 5, UBS Report.) Indeed, the UBS Report is based on Apple's publicly-available financial data, including revenues, profits and earnings. (Ex. 5, UBS Report;

5

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

      ████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████ *See MV3 Partners, LLC v. Roku Inc*, No. 18-cv-308-ADA (W.D. Tex. 2020) (denying defendant's *Daubert* motion to exclude Mr. Weinstein's opinion based on a third-party Deloitte survey). (Ex. 8, September 29, 2020 Order at 8.) ████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████

████████████████████████████████████ (Ex. 9, Apple Website Terms of Use, available at https://www.apple.com/legal/internet-services/terms/site.html at 3) (explicitly disclaiming all warranties of accuracy of Apple's own public statements). ████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████ *See, e.g., Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, No. 4:18-cv-00469-ALM (E.D. Tex. 2020); Ex. 10, March 2, 2021 Trial Minutes at 5-6; Ex. 11, Jury Verdict at 6. ████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████ *See i4i Ltd. P'ship*, 598 F.3d at 852 (expert testimony is admissible if it is based on a sound methodology and sufficiently related to the case regardless of disputes about the degree of relevance or accuracy).

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████ *See VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1325 (Fed. Cir. 2014) (the expert improperly used the "Nash Bargaining Solution" 50/50 profit split rule as adjusted to reflect the parties' bargaining positions, and not the patent infringer's financial data); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317-18 (Fed. Cir. 2011) (the expert improperly used the 25% rule of thumb profit split rule and not the patent infringer's financial data).

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████  *See*

*Personalized Media*, 2021 WL 662238, at *6. In *Personalized Media*, the court admitted the opinion of the patentee's damages expert who allocated certain iTunes profits to the patented feature of the digital rights management technology FairPlay (as used with iTunes) and found that the expert's royalty calculation apportioning 100% of the FairPlay value to the patents-in-suit was proper where the damages expert relied on the technical expert's opinion that the patented technology was "essential" to the value of FairPlay as a whole. *See id.* The court in that case also explicitly held that "Apple may believe that further apportionment may be proper or that certain assumptions may be incorrect, but these are questions for a jury to decide." *Id*.

████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████  *See Ericsson Inc. v. D-Link*

*Corp.*, No. 6:10-cv-473, 2013 WL 2242444, at *3 (E.D. Tex. May 21, 2013). ██████████

████████████████████████████  *See Power Integrations, Inc. v. Fairchild Semiconductor*

*Int'l, Inc.*, 904 F.3d 965, 978-79 (Fed. Cir. 2018) (the EMV rule was not satisfied and further

8

apportionment was necessary only because the patentee sought damages based on the value of the entire apparatus).

9



*See, e.g., Acceleration Bay LLC v. Activision Blizzard Inc.*, No. 1:16-cv-00453-RGA, 2019 WL 4194060, at *4-5 (D. Del. Sept. 4, 2019); *Blue Spike, LLC v. Huawei Techs. Co., Ltd.*, No. 6:13-cv-679, 2016 WL 9286102, at *3-4 (E.D. Tex. Oct. 14, 2016).

Accordingly, Mr. Weinstein's survey-based opinion is admissible and proper.

## CONCLUSION

For the foregoing reasons, the Court should deny Apple's motion to exclude the opinions of Fintiv's damages expert, Roy Weinstein.

Dated:  July 27, 2021                               Respectfully submitted,

By:  */s/ Jonathan K. Waldrop*
    Raymond W. Mort, III
    Texas State Bar No. 00791308
    raymort@austinlaw.com
    **THE MORT LAW FIRM, PLLC**
    100 Congress Ave., Suite 2000
    Austin, Texas 78701
    Tel./Fax:  (512) 865-7950

    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    Jack Shaw (CA Bar No. 309382)
    (Admitted in this District)
    jshaw@kasowitz.com
    ThucMinh Nguyen (CA Bar No. 304382)
    (Admitted in this District)
    tnguyen@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone:  (650) 453-5170
    Facsimile:  (650) 453-5171

    Shelley Ivan (NY Bar No. 4338067)
    (Admitted *pro hac vice*)
    sivan@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    1633 Broadway
    New York, New York 10019
    Telephone:  (212) 506-1700
    Facsimile:  (212) 506-1800

PUBLIC VERSION

        Paul G. Williams (GA Bar No. 764925)
        (Admitted in this District)
        pwilliams@kasowitz.com
        **KASOWITZ BENSON TORRES LLP**
        1230 Peachtree Street N.E., Suite 2445
        Atlanta, Georgia 30309
        Telephone: (404) 260-6080
        Facsimile: (404) 260-6081

        **Attorneys for Plaintiff**
        **FINTIV, INC.**

# CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via email to Apple's counsel of record, on this 27th day of July, 2021.

*/s/ Jonathan K. Waldrop*
**Jonathan K. Waldrop**
